

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROAL GLOBAL CORPORATION, Individually and On Behalf of All Others Similarly Situated | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIVIL ACTION NO. |
| vs. | | 3-08CV1011-G |
| THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI, | | |
| Defendants | | |

Plaintiff makes the following allegations, except as to allegations specifically pertaining to plaintiff and Plaintiff's counsel, based upon the investigation undertaken by plaintiff's counsel (which included analysis of publicly available news article and reports, public fillings, securities analysts' reports and advisories about The Blackstone Group L.P. ("Blackstone" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations se forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a Class consisting of all persons other than defendants who purchased the common units (referred hereinafter as "common stock") of Blackstone pursuant and/or traceable to the Company's initial public offering on or about June 25, 2007 (the "IPO" or the "Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Section 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77K, 77I(a)(2) and 77o].

3. This court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77V] and 28 U.S.C. §§1331 AND 1337.

4. Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District. The sale of stock took place in this District.

5. In connection with the acts and conduct alleged in this Complaint, defendants directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and faculties of the New York Stock Exchange ("NYSE").

## PARTIES

6. Plaintiff Roal Global Corporation purchased Blackstone common stock, as set forth in the certification attached hereto and incorporated herein by reference, pursuant and/or traceable to the IPO, and was damaged thereby.

7. Defendant Blackstone, though its subsidiaries, provides alternative asset management and financial advisory services worldwide. Blackstone is organized as a Limited Liability Partnership. The general partner of Blackstone of Blackstone Group Management L.L.C. (Blackstone Group Management").

8. (a) Defendant Stephen A. Schwarzman ("Schwarzman") was at all relevant times, Chairman and Chief Executive Officer of Blackstone Management Group. Schwarzman signed the Registration Statement.

   (b) Defendant Michael A. Puglisi ("Puglisi") was, at all relevant times, Chief Financial Officer of Blackstone Management Group. Puglisi signed the Registration Statement

   (c) Defendant Schwarzman and Puglisi are collectively refereed herein as the "individual Defendants."

9. By reason of their management positions and their ability to make public

statements in the name of Blackstone, the individual Defendants were and are controlling persons, and had the power to influence to cause (and did cause) Blackstone to engage in the conduct complained of herein.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of itself and all persons other than Defendants who purchased the common stock of Blackstone pursuant and/or traceable to the Company's IPO. Excluded from the class are Defendants herein, members of their immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related or affiliated with any of the Defendants, and the legal representative, agents affiliates, heirs, successors-in-interest or assigns of any such excluded party.

11. The member of the Class are so numerous that joinder of all members is impracticable. Blackstone sold more than 133 million shares of the common stock in the IPO. The precise number of Class members is unknown to Plaintiff at this time but it believed to be in the thousands. In addition, the names and addresses of the Class ,members can be ascertained from the books and records of Blackstone or its transfer agent or the underwriters to the IPO. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and form of notice similar to those customarily used in Class actions arising under federal securities laws.

12. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff retained competent counsel experienced in

Class action litigation under the federal securities law to further ensure such protection and intends to prosecute this action vigorously.

13. Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff and all the Class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to Defendants. Plaintiff does not have any interests antagonistic to, or in conflict with the Class.

14. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows no difficulty that will be encountered in the management of this litigation that would preclude its management as a Class action.

15. Common questions of law and facts exist as to all members of the Class and predominates over any questions affecting solely individual members of the Class. Among the questions of law and fact common the Class are:

    (a) whether the federal securities law were violated by the Defendants' acts as alleged herein;

    (b) whether the Prospectus and Registration Statement issued by the Defendants to the investing public in connection with the IPO negligently omitted and/or misrepresented material facts about Blackstone and its business; and

(c) the extent of the injuries sustained by members of the Class and the appropriate measure of damages

## SUBSTANTIVE ALLEGATIONS

16. Defendant Blackstone described itself as "a leading global alternative asset manager and provider of financial advisory services" and "of the largest independent alternative asset managers in the world, with assets under management of proximately $88.4 billion as of May 1, 2007."

17. Prior to the IPO, Blackstone effected a reorganization of its business into a holding partnership structure. Blackstone is now a holding partnership and is the sole general partner of each of the partnership entitles that hold Blackstone's various businesses.

18. Blackstone generates earnings through management and performance fee of its general partnership. The Company earns management fee from its limited partners for managing money in its various funds. Blackstone charges a management fee of 1.5% on its assets under management. The Company also earns performance fee of a twenty (20 percent of the profit generated on a return on capital it invests for its limited partners

19. Blackstone is also subject to a "claw back" of performance fee which requires the Company to refund to limited partners in its funds performance fee that have already been paid if the investments perform poorly.

20. On or about June 21, 2007, Blackstone filed with the SEC A Form S-1/A Regulation Statement (the "Registration Statement"), for the IPO.

21. On or about June 25, 2007, the Prospectus (the "prospectus") with respect to

the IPO, which forms part of the Registration Statement became effective and, including the exercise of the over-allotment, more than the 133 million shares of Blackstone's common unit were sold to the public at $31 per unit, thereby raising more than $4 billion.

22. The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

23. Specifically, the Regulation Statement failed to disclose that certain of the Company's portfolio companies were not performing well and were of declining value and, as a result, Blackstone's equity investment was impaired and the Company would not generate anticipated performance fees on those investments or would have fees "clawed-back" by limited partners in its funds.

24. For example, at the time of the IPO, Blackstone's investment in FGIC Corporation ("FGIC") was performing poorly.

25. FGIC was founded in 1983 and was one of four leading monocline financial guarantors ("monocline"). FGIC is the parent company of Financial Guaranty, its bond insurance arm. Monolines such as Financial Guaranty insure bonds that have been issued by other entities. Financial Guaranty purports to leverage its AA financial strength rating by Moody's Investments Service ("Moody's") Standard & Poor's Rating Services ("Standard & Poor's") and Fitch Ratings ("Fitch") to guarantee the timely repayment of the bond principal and interest of an issuer in the vent the issuer defaults, thus allowing the debt issued to get the highest possible rating. Financial Guaranty's financial guarantee is designed to protect investors in the event of securities default.

26.     Blackstone owns a twenty-three (23) percent equity ownership interest in FGIC. The Company purchased its ownership in FGIC along with PMI Group Inc. ("PMI") and Cypress Group ("Cypress"). The consortium purchased an 88% interest in FGIC from General Electric Co. in 2003 for 41.86 billion

27.     Traditionally, Financial Guaranty focused mainly on conservative municipal bonds. In recent years lured by larger profits and higher growth rates, Financial Guaranty began writing insurance on collateralized debt obligations ("CDOs"), including CDOs backed by subprime mortgages to higher-risk borrowers. CDOs are a type of asset-backed security and structured credit product. CDOs repackage bonds, mortgage and other assets into new securities and then use to the income from the underlying debt to pay investors. CDOs secured or backed by a pool of bonds, loans or other assets where investors buy slices classified by varying levels of debt or credit risk.

28.     By the time of the IPO, the Company's investment in FGIC was materially impaired as FGIC's bond insurance arm, Financial Guaranty, had significant exposure to defaults on bonds it insured due to the plunge of mortgage debt.

29.     Similarly, at the time of the IPO, Blackstone's equity investment in Freescale Semiconductor was not performing well and was materially impaired

30.     Under applicable SEC rules and regulations governing the preparation of the Registration Statement and Prospectus, the Registration Statement was required to disclose that certain of the Company's portfolio companies were not performing well and were of declining value and, as a result, Blackstone's equity investment was impaired and the Company would not generate anticipated performance fees on those investments or

would have fees "clawed-back" by limited partners in its funds. The Registration Statement failed to contain any such disclosure.

31.     In the months after the IPOS, details of the problems with some of Blackstone's portfolio companies slowly became to become known to the market and the price of Blackstone stock substantially declined.

32.     On March 10, 2008, Blackstone issued a process release announcing its financial results for the fill year of 2007 and the fourth quarter of 2007, the period ending in December 31, 2007. Among other things, the Company reported that it had written down its investments in FGIC by 122.9 million and that for the fourth quarter its "Total Reportable Segment Revenues declined to 366.9 million from Total Pro Forma Adjusted Reportable Segment Revenues of $1.21 billion in the quarter ended December 31, 2006, primarily due to decreased revenues in the Corporate Private Equity and Real Estate segments. The revenue declines in the Corporate Private Equity and Real Estate segments in the fourth quarter of 2007 were mostly due to lower net appreciation of the investment portfolio as compared to the prior year, as well as a significant decrease in the value of Blackstone's portfolio investment in Financial Guaranty Insurance Company, a monoline financial guarantor."

33.     At the time of filling this complaint, Blackstone common unit trade in range of $18-$18.15 per share, approximately 45% below the IPO price of $31.00 per share.

## COUNT I

### Violation of Section 11 of the Securities Act Against All Defendants

34.     Plaintiff repeats and realleges each and every allegation contained above

35.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C.

§77k, on behalf of the Class against all Defendants.

36. The Registration Statement for the IPO was inaccurate and misleading, containing untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitting to state material facts required to be stated therein.

37. Blackstone is the registrant of the IPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

38. As issuer of shares, Blackstone is strictly liable to Plaintiff and the Class for the misstatements and omissions

39. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

40. By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act

41. Plaintiff acquired Blackstone shares pursuant to the Registration Statements.

42. Plaintiff and the Class have sustained damages. The value of Blackstone common stock has declined substantially subsequent to and due to the Defendants violations

43. Less than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this complaint. Less than three years elapsed between the time that the

securities upon which this Count is brought were offered to the public and the Plaintiff filed this complaint.

## COUNT II

### Violation of Section 15 of the Securities Act Against the Individual Defendants

44. Plaintiff repeats and realleges each and every allegation contained above.

45. This County is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

46. Each of the individual Defendants was a control person of Blackstone by virtue of his position as a director and/or senior officer of Blackstone. The individual Defendants each had a series of direct and/or indirect business and/or personal relationship with other directors and/or officers and/or major shareholders of Blackstone

47. Each of the individual Defendants was culpable participant in the violation of Section 11 of the Securities Act alleged in Count 1 above, based on their having signed the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

## PRAYER FO RELIEF

**WHEREFORE,** Plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A. declaring this action to be a Plaintiff Class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B. awarding Plaintiff and other members of the Class damages together with interest thereon;

C. awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonably attorney's fee, accountants' fee and experts' fee and other costs and disbursements; and

D. awarding Plaintiff and other members of the Class such and other and further relief as may be just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by the Jury

DATED: June 16, 2008

**COKER & ASSOCIATES, LAW FIRM**

By: _____
Simeon Coker
Texas Bar No. 24049013
3030 LBJ FREEWAY STE. 700
DALLAS TX 75234
PH. 214 722 7534
FAX. 214 722 7634

## CERTIFICATE OF NAMED PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

Roal Global Corporation ("Plaintiff") declares as the claims asserted or to be asserted under the federal securities laws against The Blackstone Group LP and any additional individuals or entities against whom claims shall be asserted in connection with my purchase and/or acquisition of the securities of Blackstone Group LP (NYSE: BX) that:

1. Plaintiff has reviewed the complained and authorized its filling

2. Plaintiff did not purchase and/or acquire the security that is the matter of this action at the direction of Plaintiff's counsel or in order to participate in any private action under the federal securities laws

3. Plaintiff is willing to serve as representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification

4. Plaintiff's transaction in the securities that are subject of this action during the Class period are as follows:

Purchases:

| Name of Company | Date(s) Purchased | # Shares Purchased | Cost |
|---|---|---|---|
| BX | 06/22/2007 | 3000 | 36.60 |

Sales:

| Name of Company | Date(s) Sold | # Shares Sold | Cost |
|---|---|---|---|
| BX | 01/08/2008 | 940 | 18.71 |
| BX | 02/08/2008 | 835 | 17.58 |
| BX | 05/29/2008 | 500 | 19.13 |

5. Plaintiff has not sought to serve or served as a class representative in an action filed under the securities laws within the past three years

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rate share of any recovery, except

such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct

Executed this 16th day of June, 2008 in Dallas, TX.

Signature _Rennie_____

Rennie Oginni VP Roal Global Corp.

**ORIGINAL**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

**3-08CV1011-G**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Roal Global Corp

**DEFENDANTS**
The Blackstone Group LP
Stephen A Schwarzman
Michael Puglisi

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: NY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED JUN 17 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number):
Colter & Associates, Law firm
3030 LBJ frwy #700 Dallas TX 75234

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☑ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Securities Act of 1933

Brief description of cause: Violation of Sec 11 of Securities Act

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over 100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/16/08

SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____